# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| MARGARET HILL | * | CIVIL ACTION NO. 05-1916 |
| --- | --- | --- |
| Versus | * | JUDGE JAMES |
| LINCOLN PARISH DETENTION CENTER COMMISSIONERS, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss (Doc. #4) filed by defendant, Lincoln Parish Sheriff's Department ("Sheriff's Department"). The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED**.

Plaintiff, Margaret Hill ("Hill"), filed suit for employment discrimination. Hill alleges that she was forced to resign her position as a Correction Officer with the Lincoln Parish Detention Center "due to the desire of Defendants to preclude a Black female from remaining in such position of authority." (Complaint Doc. #1, pg. 2). Hill names Lincoln Parish Detention Center, in its official capacity; Lincoln Parish Detention Center Commissioners, in their official and individual capacities; Marilyn Goree, Superintendent Lincoln Parish Detention Center, in her official and individual capacities; Lincoln Parish Sheriffs Department, in its official and individual capacities; Lincoln Parish Police Jury, in their official and individual capacities; and, Lincoln Parish Jail Commissioners, in their official and individual capacities.

The Sheriff's Department has filed the current Motion to Dismiss claiming that Hill has failed to state a claim for which relief can be granted. Plaintiff has not opposed the motion.

1

## LAW AND ANALYSIS

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

The Sheriff's Department maintains that it is not a legal entity capable of being sued and its Motion to Dismiss should therefore be granted. The undersigned agrees. Under Louisiana law, a sheriff's office is not a legal entity capable of being sued. *Jenkins v. Jefferson Parish*

*Sheriff's Office*, 385 So.2d 578 (La.App. 4th Cir. 1980), *reversed in part on other grounds*, 402 So.2d 669 (La.1981).

Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. #4) be **GRANTED** and Plaintiff's claims against the Lincoln Parish Sheriff's Department be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE