THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| MARGARET HILL | * | CIVIL ACTION NO. 05-1916 |
| Versus | * | JUDGE JAMES |
| LINCOLN PARISH DETENTION CENTER COMMISSIONERS, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss pursuant to Rule 12(c) (Doc. #16) filed by defendant, Sheriff Stone. The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED**.

Plaintiff, Margaret Hill ("Hill"), filed suit for employment discrimination. Hill alleges that she was forced to resign her position as a Correction Officer with the Lincoln Parish Detention Center "due to the desire of Defendants to preclude a Black female from remaining in such position of authority." (Complaint Doc. #1, pg. 2). In her complaint, as amended, Hill names Lincoln Parish Detention Center, in its official capacity; Lincoln Parish Detention Center Commissioners, in their official and individual capacities; Marilyn Goree, Superintendent Lincoln Parish Detention Center, in her official and individual capacities; Lincoln Parish Sheriffs Department, in its official and individual capacities; Lincoln Parish Police Jury, in their official and individual capacities; and, Lincoln Parish Jail Commissioners, in their official and individual capacities; and Mike Stone, individually and as Sheriff of Lincoln Parish. The Sheriff's Department was previously dismissed from the suit (Doc. #12).

1

## LAW AND ANALYSIS

A Rule 12(b)(6) motion must be made "before pleading," but if it is not, the defense may be raised in the form of a motion for judgment on the pleadings. F.R.C.P. 12(h)(2). Because the defendant filed an answer prior to filing their first dispositive motion, they correctly denominated it as a motion for judgment on the pleadings. When a Rule 12(c) motion for judgment on the pleadings raises a post-answer Rule 12(b)(6) defense, the motion should be evaluated under the Rule 12(b)(6) standard for failure to state a claim upon which relief can be granted. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and

unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

Sheriff Stone contends that Plaintiff's allegations are conclusory in nature and insufficient to support a claim against him.

In her Complaint, Plaintiff alleges that "Defendants, each and all, ... have conspired together to force [her] to resign. In doing so they have violated the ... Equal Protection of the Laws under the Fourteenth Amendment of the Constitution of the United States based upon her race, and therefore are guilty of violation of 42 USC § 1985." (Doc. #1-1 pg. 6). Plaintiff was employed as a Correction Officer with the Lincoln Parish Detention Center. (Doc. #1-1 pg. 4). Plaintiff does not allege that she was employed by Sheriff Stone nor does she allege any specific facts to support her allegation of conspiracy. "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes, such as § 1985, must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient. Equal specificity is required when a charge of conspiracy is made." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). Plaintiff has not objected to the current motion to dismiss and has failed to provide specific facts to support her conspiracy allegation. Therefore, **IT IS RECOMMENDED** that Sheriff Stone's Motion to Dismiss (Doc. #16) be **GRANTED** and the claims against Sheriff Stone be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

3

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of June, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE