THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| MARGARET HILL | * | CIVIL ACTION NO. 05-1916 |
| Versus | * | JUDGE JAMES |
| LINCOLN PARISH DETENTION CENTER COMMISSIONERS, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Plaintiff, Margaret Hill ("Hill"), filed suit for employment discrimination on November 4, 2005. Hill alleges that she was forced to resign her position as a Correction Officer with the Lincoln Parish Detention Center "due to the desire of Defendants to preclude a Black female from remaining in such position of authority." (Complaint Doc. #1, pg. 2). In her complaint, as amended, Hill names Lincoln Parish Detention Center, in its official capacity; Lincoln Parish Detention Center Commissioners, in their official and individual capacities; Marilyn Goree, Superintendent Lincoln Parish Detention Center, in her official and individual capacities; Lincoln Parish Sheriffs Department, in its official and individual capacities; Lincoln Parish Police Jury, in their official and individual capacities; and, Lincoln Parish Jail Commissioners, in their official and individual capacities; and Mike Stone, individually and as Sheriff of Lincoln Parish. The Sheriff's Department and Mike Stone, individually, were previously dismissed from the suit (Docs. #12, 20).

When suit was filed, Hill was represented by counsel; however, on May 15, 2006, her counsel filed a Motion to Withdraw as Attorney stating that Hill has refused to communicate with counsel. The Motion to Withdraw was granted on May 16, 2006 (Doc. #16). Hill is now

1

pro se.

On January 18, 2006, a Rule 26(f) Case Management Order was issued by the Court (Doc. #6). Under that Order, the parties were required to file their Case Management Report within 14 days of the date of their meeting, but no later than April 11, 2006[1]. On July 26, 2006, no Case Management Report had been filed and the Court issued a Show Cause Order requiring the parties to respond within 10 days stating the reasons why they should not be sanctioned for failing to comply with the Court's Civil Case Management Order. The parties were also instructed to immediately file the Case Management Report. On August 1, 2006, Defendants responded to the Court's Order and also submitted a Case Management Report. Included in their filings, Defendants stated that they have attempted to contact Hill; however, their attempts have been unsuccessful.

When Hill's counsel withdrew, the Court was provided with Hill's last known address. No mailings have been returned to the Court, and Hill has not provided the court with any notice of a change of address; therefore, it must be presumed that Plaintiff had notice of the Court's Orders and deadlines. In the Motion to Withdraw, Hill's counsel also stated that Hill had been informed of all deadlines. A review of the record shows that not only has Hill failed to comply with the orders of the court, but also she has taken no action in furtherance of her suit for more than six months. Therefore,

**IT IS RECOMMENDED** that Plaintiff's claims against all Defendants be **DISMISSED**, *sua sponte*, **WITHOUT PREJUDICE** for failure to comply with the orders of this court and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1]Defendants have stated the deadline was May 11, 2006.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE